# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Oliver,               :
           Petitioner      :
                            :
         v.               :
                            :
Pennsylvania Board           :
of Probation and Parole,      :    No. 1189 C.D. 2015
           Respondent    :    Submitted: January 8, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: May 11, 2016


James Oliver (Oliver) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 26, 2015 order dismissing his administrative appeal as untimely. Oliver presents two issues for this Court's review: (1) whether the Board erred by not crediting Oliver with his street time[1] on a previously-completed sentence; and (2) whether the Board erred by concluding that Oliver's request for administrative review was untimely. After review, we affirm.

On April 4, 1994, Oliver pled guilty to the manufacture, sale, delivery or possession with intent to deliver illegal drugs and was sentenced to 4 to 10 years' incarceration. On March 27, 1998, Oliver was paroled. On April 11, 2000, the Philadelphia Police Department arrested Oliver. By May 30, 2000 decision, the Board detained Oliver pending the disposition of those criminal charges. On December 19, 2001, the Board issued an order to recommit Oliver as a convicted

---

[1] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

parole violator to serve 12 months' backtime at the Philadelphia County Prison. On June 17, 2002, the Board set the parole violation maximum release date as December 17, 2006. On March 31, 2003, Oliver was reparoled to Kintock Community Correction Center. On March 30, 2005, Oliver was recommitted as a technical parole violator to serve three months' backtime. Oliver's parole violation maximum release date remained December 17, 2006.

On June 6, 2005, Oliver was paroled to the Luzerne Treatment Center. On October 15, 2005, the Board declared Oliver delinquent. On August 4, 2006, the Philadelphia Police Department again arrested Oliver. On August 5, 2006, the Board issued a warrant to commit and detain Oliver. By September 26, 2006 decision, the Board detained Oliver pending new criminal charges that arose from that arrest. The Board extended Oliver's maximum release date to October 7, 2007. On November 14, 2006, Oliver was found guilty of his Philadelphia County charges. By March 8, 2007 decision, the Board recommitted Oliver as a technical parole violator to a term of eight months and nine days. Oliver was paroled on October 15, 2007.

On December 9, 2008, the Board issued a warrant to detain and commit Oliver for a parole violation. On December 11, 2008, Oliver waived his right to counsel, a preliminary hearing, a panel hearing and a revocation hearing, and admitted that he was convicted of aggravated assault, robbery, conspiracy and weapons charges while he was on parole. By February 3, 2009 decision, the Board recommitted Oliver as a convicted parole violator to 30 months' backtime. By April 1, 2009 decision, the Board recommitted Oliver as a convicted and technical parole violator to serve 30 months' backtime with a parole maximum release date of May 7, 2011. On May 6, 2009, Oliver filed a pro se request for administrative relief questioning whether his time spent at a half-way house was restrictive enough not to be counted as liberty on parole and questioning his maximum parole date. An evidentiary hearing was scheduled for October 23, 2009. Oliver requested a

2

continuance, and the hearing was held November 30, 2009. By January 14, 2010 decision, the Board determined that Oliver did not meet his burden of proving that he is entitled to credit for his time spent at the Luzerne Treatment Center. Oliver did not appeal from that decision.

By May 24, 2010 decision, the Board reparoled Oliver to his state detainer sentence with a maximum release date of May 7, 2011. On March 25, 2015, the Board received Oliver's letter, wherein he requested a review of his May 7, 2011 maximum release date.[2] The Board treated the request as an administrative appeal from the Board's April 8, 2009 decision which extended his maximum release date to May 7, 2011. By response mailed May 26, 2015, the Board determined:

> To the extent you are challenging the April 8, 2009 [B]oard decision, the Board regulation authorizing administrative relief states that second or subsequent administrative appeals/petitions for administrative review will not be received. 37 Pa. Code § 73.1. You already submitted a request for administrative relief from the decision in question, which was received on May 6, 2009. The Board mailed a response to that request on June 25, 2009. Therefore, the Board cannot accept your request for relief because it is second or subsequent.
>
> To the extent you are challenging the [Board decision mailed] January 21, 2010 [recorded January 14, 2010], the Board regulation governing administrative appeals states that administrative appeals must be received at the Board's Central Office within 30 days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a). This means you had until February 20, 2010, to challenge this decision. Because the Board did not receive your appeal on or before that date

---

[2] Oliver included the following letters regarding his attempt to have his release date addressed: a May 23, 2014 letter to the Board's Director of Policy, Legislative Affairs and Communications Sherry Tate asking whether his street time was properly taken from him when his maximum release date was changed from January 25, 2004 to May 7, 2011; a May 26, 2014 request for administrative review of his maximum release date (there is no record evidence that this was ever delivered to the Board); and a March 10, 2015 letter to the Board's Assistant Counsel Lambrino.

and it was not submitted to prison officials for mailing by that date, your appeal is untimely and cannot be accepted.

Accordingly, your administrative appeal is DISMISSED AS SECOND OR SUBSEQUENT and UNTIMELY.

Certified Record (C.R.) at 151. Oliver appealed to this Court.[3]

Oliver first argues that the Board erred by not crediting him with his street time on a previously-completed sentence. Specifically, Oliver contends that because his maximum sentence date as of spring 2007 was October 7, 2007, and he was found guilty on his additional charge in the fall of 2008, he could not be sentenced to backtime for that violation because his maximum sentence had already expired. Oliver asserts that, although he raised these issues in his May 6, 2009 request for administrative relief, they were not addressed at that time. However, Oliver never appealed from the Board's January 14, 2010 decision denying his request for administrative relief and confirming his new maximum sentence date as May 7, 2011.

Notwithstanding, although Oliver was found guilty for his additional crime in the fall of 2008, he committed the crime on August 4, 2006. Thus, he had not completed his sentence at the time that he violated his parole. Section 6138(a) of the Prisons and Parole Code provides, in relevant part:

**Convicted violators.**—

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a

---

[3] "[O]ur scope of review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence." *Morgan v. Pa. Bd. of Prob. & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) **If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as provided under paragraph (2.1), **shall be given no credit for the time at liberty on parole**.

(2.1) The [B]oard **may**, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole . . . .

61 Pa.C.S. § 6138(a) (text emphasis added).  As this Court recently reiterated:

It is well settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole. . . .  The fact that [petitioner] did not enter his plea until . . . after the expiration of the original term . . . is irrelevant.

*Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 367-68 (Pa. Cmwlth. 2015) (quoting *Miskovitch v. Pa. Bd. of Prob. & Parole,* 77 A.3d 66, 73-74 (Pa. Cmwlth. 2013)).  Further, the Board has the discretion whether to give Oliver credit for his street time.  61 Pa.C.S. § 6138(a).  Accordingly, the Board did not err when it did not give Oliver credit for his street time, or when it sentenced Oliver to backtime for a crime committed while he was on parole.

Oliver next contends that the Board erred by concluding that Oliver's request for administrative review was untimely.  Specifically, Oliver maintains that his appeal was timely because, on May 6, 2009, Oliver filed a pro se request for administrative relief from the April 1, 2009 Board decision recommitting him as a convicted and technical parole violator to serve 30 months' backtime with a parole maximum release date of May 7, 2011.  Oliver asserts that since he raised two issues in his administrative appeal - whether his time spent at a half-way house should have

5

been counted as liberty on parole and whether his maximum release date was properly calculated - and the January 14, 2010 Board decision only addressed the first issue, he did not appeal from that decision.

We acknowledge that Oliver was given an evidentiary hearing on the sole issue of whether he was entitled to credit for his time spent at the Luzerne Treatment Center, and that the January 14, 2010 Board decision addressed this issue in particular. However, prior to that evidentiary hearing, the Board expressly notified Oliver:

> Because an evidentiary hearing is pending, the Board cannot affirm or reverse the calculation set-forth in the Board decision recorded April 1, 2009 (mailed 04/08/09) at this time. *See Arguelles v. [Pa.] [Bd.] of Prob[. &] Parole*, 892 A.2d 912 (Pa. [Cmwlth.] 2006).[4] **After a decision from the above evidentiary hearing is rendered, you may file another administrative appeal/petition for administrative review from that decision if you do not receive the relief requested**.

C.R. at 156 (emphasis added). Oliver did not thereafter file another administrative appeal/petition. Rather, Oliver waited until May 23, 2014, at which time he wrote a letter to the Board's Director of Policy, Legislative Affairs and Communications Sherry Tate asking whether his street time was properly taken from him when his maximum release date was changed from January 25, 2004 to May 7, 2011. Notably, Oliver admits in this letter that he "tried to seek administrative review in 2009, but was unsuccessful." C.R. at 119. On March 15, 2015, the Board received Oliver's letter wherein he objected to the Board's authority to recalculate his maximum release date to May 7, 2011. The Board treated that letter as an administrative appeal.

Section 73.1(b) of the Board's Regulations states:

*Petitions for administrative review.*

---

[4] The *Arguelles* Court held: "If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, [thus,] the order is not final[.]" *Id.* at 914.

6

(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). **Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination**. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. . . .

(2) The failure of a petition for administrative review to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the petition.

(3) **Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received**.

(4) An employe of the Board designated by the Chairperson may review and respond to a petition for administrative review.

37 Pa. Code § 73.1 (bold emphasis added). Here, if Oliver was requesting administrative review of the April 1, 2009 Board decision, because he had already done so, the request was a second or subsequent petition. If, however, Oliver was requesting administrative review of the January 14, 2010 Board decision, the request was due on or before February 20, 2010 (30 days from the January 21, 2010 mailing date), and therefore it was untimely. Accordingly, the Board did not err by concluding that Oliver's request for administrative review was either a second or subsequent petition or untimely.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Oliver,                              :
                Petitioner          :
                                :
              v.                          :
                                :
Pennsylvania Board                         :
of Probation and Parole,                   :     No. 1189 C.D. 2015
                Respondent         :

## O R D E R

AND NOW, this 11th day of May, 2016, the Pennsylvania Board of Probation and Parole's May 26, 2015 order is affirmed.


_____
ANNE E. COVEY, Judge